# EXHIBIT "A"

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

COLLEEN BAILEY, ANGELICA LAING
Plaintiff

Case # ___________________
Judge ___________________

vs.
MACYS RETAIL HOLDINGS LLC dba MACYS INC, SCHINDLER ELEVATOR CORPORATION
Defendant

NOT A CERTIFIED COPY

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 02/20/2026 01:52:40 PM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☒ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
　☐ Residential Evictions
　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION: [ ]**
(Specify)

4

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ STEPHEN R.A. KNIGHT　　Fla. Bar # 85571
Attorney or party　　(Bar # if attorney)

STEPHEN R.A. KNIGHT　　02/20/2026
(type or print name)　　Date

NOT A CERTIFIED COPY

Case 9:26-cv-80423-DMM Document 1-1 Entered on FLSD Docket 04/15/2026 Page 5 of 11

IN THE CIRCUIT COURT OF THE FORTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**COLLEEN BAILEY,**
**ANGELICA LAING,**
Plaintiffs,

CASE NO.:

vs.

**MACY'S RETAIL HOLDINGS, LLC, d/b/a MACY'S, INC. and SCHINDLER ELEVATOR CORPORATION.**
Defendant.
_________________________________/

NOT A CERTIFIED COPY

**COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, **COLLEEN BAILEY AND ANGELICA LAING**, by and through the undersigned counsel, hereby sues Defendants, **SCHINDLER ELEVATOR CORPORATION,** (hereinafter referred to as **"SCHINDLER") and MACY'S RETAIL HOLDINGS, LLC., d/b/a MACY'S INC., (hereinafter referred to as MACY'S),** and, in support thereof, alleges:

**GENERAL ALLEGATIONS**

1. This is an action for damages that exceed the jurisdictional limits of the Court.

2. Venue lies in Palm Beach County, Florida because the events giving rise to this action occurred in Palm Beach County, Florida.

3. Plaintiff, **COLLEEN BAILEY**, was, at all times, relevant and material hereto, a resident of Palm Beach County, Florida.

4. Plaintiff, **ANGELICA LAING**, was, at all times, relevant and material hereto, as resident of Palm Beach County, Florida.

5. Defendant, **SCHINDLER**, is and was at all times material hereto, a foreign limited liability company, licensed in the state of Delaware and was authorized to conduct

business in the State of Florida and was doing business in Palm Beach County, Florida**.**

6. Defendant, **MACY'S,** is and was at all times material hereto, a foreign limited liability company, licensed in the state of Ohio, and was authorized to conduct business in the State of Florida and was doing business in Palm Beach County, Florida. Their principal place of business is 145 Progress Place, Springdale, OH 45246.

7. Defendant, **SCHINDLER**, at all times material hereto, owned, maintained or operated an escalator located at 3107 PGA Blvd, Palm Beach Gardens, Florida, 33410 at which the events giving rise to this action occurred. Their principal place of business is 20 Whippany Road, Morristown, NJ 07960.

8. Defendant, **MACY'S**, at all times material hereto, owned, maintained or operated a department store located at 3107 PGA Blvd, Palm Beach Gardens, Florida, 33410, in which they owned, operated or maintained an escalator, which was either owned, operated or maintained by Defendant, **SCHINDLER**, the escalator at which the events giving rise to this action occurred.

**COUNT 1 (COLLEEN BAILEY AS TO SCHINDLER)**

**9.** Paragraphs one (1), two (2), three (3), five (5), and seven (7), are fully restated and recited herein and it is further alleged that:

**10.** On or about, February 21, 2025, Plaintiff, **COLLEEN BAILEY**, was an invitee at the department store owned, maintained and operated, by Defendant, **MACY'S** and was properly using an escalator on the premises that was installed, operated, repaired or maintained by Defendant, **SCHINDLER.**

**11.** On or about February 21, 2025, Plaintiff, **COLLEEN BAILEY,** while on the escalator installed, operated, repaired or maintained by Defendant, **SCHINDLER,** the escalator malfunctioned causing Plaintiff, **COLLEEN BAILEY**, to lose her balance and fall.

NOT A CERTIFIED COPY

**12.** The Defendant, **SCHINDLER,** owed a duty to the general public, and more specifically, Plaintiff, **COLLEEN BAILEY,** to maintain the escalator in a safe and travelable condition and to be free of foreseeable hazardous and dangerous conditions.

**13.** The Defendant, **SCHINDLER,** negligently failed to maintain the escalator in a safe and travelable condition, creating a hazardous or dangerous condition.

14. The Defendant, **SCHINDLER,** failed to warn its invitees, especially Plaintiff, **COLLEEN BAILEY**, of the hazardous and dangerous condition.

15. As a direct proximate result of Defendant, **SCHINDLER,** negligence, Plaintiff, **COLLEEN BAILEY**, suffered a bodily injury, with resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, **COLLEEN BAILEY**, will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, **COLLEEN BAILEY**, requests the Court enter judgment in favor of Plaintiff and against the Defendant, **SCHINDLER,** and grant such other relief as it deems necessary and proper. Plaintiff, **COLLEEN BAILEY**, demands a trial by jury on all issues so triable.

NOT A CERTIFIED COPY

**COUNT 2 (ANGELICA LAING AS TO SCHINDLER)**

**16.** Paragraphs one (1), Two (2), four (4), five (5) and seven (7) as if fully restated and recited herein and it is further alleged:

**17.** On or about, February 21, 2025, Plaintiff, **ANGELICA LAING**, was an invitee at the department store owned, maintained or operated by Defendant, **MACY'S** and was properly using an escalator on the premises that was installed, operated, repaired or maintained, by Defendant, **SCHINDLER.**

**18.** On or about, February 21, 2025, Plaintiff, **ANGELICA LAING,** while on the escalator installed, operated, repaired or maintained by Defendant, **SCHINDLER,** the escalator malfunctioned causing Plaintiff, **ANGELICA LAING,** to lose her balance and fall.

**19.** The Defendant, **SCHINDLER,** owed a duty to the general public, and more specifically, Plaintiff, **ANGELICA LAING,** to maintain the escalator in a safe and travelable condition and to be free of foreseeable hazardous and dangerous conditions.

**20.** The Defendant, **SCHINDLER,** negligently failed to maintain the escalator in a safe and travelable condition creating a hazardous and dangerous condition.

21. The Defendant, **SCHINDLER,** failed to warn its invitees, especially Plaintiff, **ANGELICA LAING**, of the hazardous and dangerous condition.

22. As a direct proximate result of Defendant, **SCHINDLER.,** negligence, Plaintiff, **ANGELICA LAING**, suffered a bodily injury, with resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, **ANGELICA LAING**, will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, **ANGELICA LAING**, requests the Court enter judgment in favor of Plaintiff and against the Defendant, **SCHINDLER,** and grant such other relief as it deems necessary and proper. Plaintiff, **ANGELICA LAING**, demands a trial by jury on all issues so triable.

NOT A CERTIFIED COPY

**<u>COUNT III (COLLEEN BAILEY AS TO MACY'S)</u>**

23, Paragraphs one (1), two (2), three (3), six (6) and eight (8), are fully restated and recited herein and it is further alleged that:

24. On or about, February 21, 2025, Plaintiff, **COLLEEN BAILEY**, was an invitee at the

department store owned, maintained or operated, by Defendant, **MACY'S** and was properly using an escalator on the premises that was installed, operated, repaired or maintained by Defendant, **SCHINDLER,** and at all times material hereto, was under the control of Defendant**, MACY'S**

25. On or about February 21, 2025, Plaintiff, **COLLEEN BAILEY,** while in the department store, owned, maintained, or operated, by Defendant, **MACY'S**, and on the escalator installed, operated, repaired or maintained by Defendant, **SCHINDLER,** and in the control of **D**efendant**, MACY'S,** the escalator malfunctioned causing Plaintiff, **COLLEN BAILEY**, to lose her balance and fall.

26. The Defendant, **MACY'S,** owed a duty to the general public, and more specifically, Plaintiff, **COLLEEN BAILEY,** to maintain the premises, and more specifically, the escalator in a safe and travelable condition and to be free of foreseeable hazardous and dangerous conditions.

27. The Defendant, **MACY'S,** negligently failed to maintain the escalator in a safe and travelable condition, creating a hazardous or dangerous condition.

28. The Defendant, **MACY'S,** failed to warn its invitees, especially Plaintiff, **COLLEEN BAILEY**, of the hazardous and dangerous condition.

29. As a direct proximate result of Defendant, **MACY'S,** negligence, Plaintiff, **COLLEEN BAILEY**, suffered a bodily injury, with resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, **COLLEEN BAILEY**, will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, **COLLEEN BAILEY**, requests the court enter judgment in favor of Plaintiff and against the Defendant**, MACY'S**, and grant such other relief as it deems necessary

NOT A CERTIFIED COPY

and proper. Plaintiff, **COLLEEN BAILEY**, demands a trial by jury on all issues so triable.

**COUNT IV (ANGELICA LAING AS TO MACY'S)**

30. Paragraphs one (1) , two (2), four (4), six (6) and eight (8) are fully reinstated and recited herein and it is further alleged that:

31. On or about, February 21, 2025, Plaintiff, **ANGELICA LAING**, was an invitee at the department store owned, maintained or operated by Defendant**, MACY'S**, and was properly using an escalator on the premises that was installed, operated, repaired or maintained, by Defendant, **SCHINDLER**, and at all times material hereto, was under the control of Defendant**, MACY'S.**

32. On or about, February 21, 2025, Plaintiff, **ANGELICA LAING**, while in the department store owned, maintained, or operated, by Defendant, **MACY'S**, and on the escalator installed, operated, repaired or maintained by Defendant, **SCHINDLER**, and in the control of Defendant, **MACY'S**, the escalator malfunctioned causing Plaintiff, **ANGELICA LAING**, to lose her balance and fall.

33. The Defendant, **MACY'S**, owed a duty to the general public, and more specifically, Plaintiff, **ANGELICA LAING**, to maintain the premises, and more specifically, the escalator in a safe and travelable condition and to be free of foreseeable hazardous and dangerous conditions.

34. The Defendant, **MACY'S**, negligently failed to maintain the escalator in a safe and travelable condition creating a hazardous and dangerous condition.

35. The Defendant, **MACY'S**, failed to warn its invitees, especially Plaintiff, **ANGELICA LAING**, of the hazardous and dangerous condition.

36. As a direct proximate result of Defendant, **MACY'S**, negligence, Plaintiff, **ANGELICA LAING**, suffered a bodily injury, with resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

NOT A CERTIFIED COPY

hospitalization, medical care and treatment and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, [redacted], will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, **ANGELICA LAING**, requests the court enter judgment in favor of Plaintiff, and against Defendant, **MACY'S**, and grant such other relief as it deems necessary and proper. Plaintiff, **ANGELICA LAING**, demands a trial by jury on all issues so triable.

DATED this 20th day of FEBRUARY, 2026.

Respectfully submitted,
*Dwyer & Knight Law Firm*

/s/ Fred E. Pearson
FRED E. PEARSON, ESQ.
FL Bar No.: 0082406
*fred@pearsonlawyers.com*
1344 Cross Creek Circle, Suite 2
Tallahassee, FL 32301
(850) 513-3151 Phone
(850) 513-3154 Fax
ATTORNEY FOR THE PLAINTIFF

/s/ Stephen Knight
STEPHEN R.A. KNIGHT, ESQ.
FL Bar No.: 0085571
*stephen.knight@dwyerknight.com*
1344 Cross Creek Circle, Suite 2
Tallahassee, FL 32301
(850) 513-3151 Phone
(850) 513-3154 Fax
ATTORNEY FOR THE PLAINTIFF

NOT A CERTIFIED COPY